UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PATRICK A. MISSUD,

    Plaintiff,

    v.

SAN FRANCISCO SUPERIOR COURT, et al.,

    Defendants.

_____/

No. C 11-1856 PJH

**ORDER GRANTING MOTIONS TO DISMISS**

Defendants' motions to dismiss plaintiff's first amended complaint came on for hearing on February 8, 2012 before this court. Plaintiff Patrick A. Missud ("plaintiff"), an attorney licensed to practice in California, appeared in pro per. Defendant Michael Carbone ("Carbone"), an arbitrator, appeared through his counsel, James Wagstaffe. Defendant ADR Service, Inc. ("ADR") appeared through its counsel, Stephen Ellingson. Defendants San Francisco Superior Court ("SF Superior"), Judge Charlotte Woolard ("Woolard"), and Judge Loretta Giorgi ("Giorgi") appeared through their counsel, Kimberly Drake. Having read all the papers submitted and carefully considered the relevant legal authority, the court hereby GRANTS all defendants' motions to dismiss as follows.

Plaintiff's complaint generally alleges that San Francisco Superior Court administers an ADR program, pursuant to which superior court judges force litigants into mediation or arbitration against their will. According to the complaint, the prescribed ADR program is fraught with "Federal Arbitrations Act violations, Due Process offenses, and criminal racketeering by court officers." See Amended Complaint, at 2:2-14. Beyond this, the

details of plaintiff's allegations are elusive; the complaint is loaded with vague, conclusory, and hyperbolic statements, as well as what appear to be nonsensical and far-flung facts. The court also notes that some of the allegations are quite reckless given plaintiff's status as an officer of the very court he is suing. The complaint makes no meaningful attempt to connect any specific action undertaken by an individual defendant to a clearly stated legal theory, let alone does the complaint attempt to specify the manner in which any individual defendant has violated the law. These infirmities alone are sufficient to demonstrate plaintiff's failure to meet the minimum pleading standard required by Federal Rule of Civil Procedure 8. See Fed. R. Civ. P. 8(a)(2)(complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief").

Nonetheless, the court has attempted – as have defendants – to analyze the substance of plaintiff's allegations, only to conclude that plaintiff's stated claims are implausible and/or woefully deficient. Plaintiff fails to allege any detailed facts establishing any pattern of racketeering activity by defendants connected to any enterprise engaged in interstate or foreign commerce, upon which a RICO claim may be premised; and also fails to set forth any detailed allegations explaining which defendants, and how defendants are engaged in an unfair business practice in violation of Cal. Bus. & Prof. Code § 17200. Plaintiff's claim pursuant to 18 U.S.C. § 225 is legally impermissible, because it is a criminal statute for which no private right of action is available or may be inferred. And plaintiff's claim under the Federal Arbitration Act is also critically flawed, since the Act itself is not a source of independent federal question jurisdiction, and the complaint does not independently allege a viable basis upon which to exercise subject matter jurisdiction. See Moses H. Cone Memorial Hosp. v. Mercury Const. Corp., 460 U.S. 1, 25 n. (1983).

In sum, plaintiff's complaint is deficient in plausible allegations of fact and valid corresponding theories of relief, such that it falls far short of acceptable pleading standards. Dismissal is therefore warranted, consistent with the holdings of Bell Atlantic Corp. v. Twombly, and Ashcroft v. Iqbal. See 550 U.S. 544, 553-56 (2007); 129 S. Ct. 1937, 1950

(2009).

While a dismissal for failure to set forth a sufficiently plausible claim for relief under Twombly and Iqbal would normally be accompanied with a grant of leave to amend in order to provide plaintiff with an opportunity to cure the deficiencies noted in his complaint, leave to amend is not appropriate here. For apart from the insufficiency of plaintiff's substantive allegations, plaintiff's complaint ultimately encounters a hurdle that no amendment can overcome: judicial immunity.

Judicial immunity is a "sweeping" form of immunity that applies to claims against judges acting in their official capacities. See Forrester v. White, 484 U.S. 219 (1988). Such immunity applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." See Cleavinger v. Saxner, 474 U.S. 193, 199-200 (1985) (citations omitted). Nor can the exemption of judges from civil liability be affected by the motives with which their judicial acts are performed. See id. The immunity afforded judicial decision-makers has been extended to public and private arbitrators, for acts within the scope of their duties and within their jurisdiction. Wasyl, Inc. v. First Boston Corp., 813 F.2d 1579, 1582 (9th Cir. 1987)("case law dictates that arbitrators are immune from civil liability for acts within their jurisdiction arising out of their arbitral functions in contractually agreed upon arbitration hearings"). Judicial immunity has also been extended to the sponsoring arbitration organizations, for the same reasons that the immunity applies to individual arbitrators. See La Serena Properties v. Weisbach, 186 Cal. App. 4th 893, 901-02 (2010)("[i]n determining whether absolute immunity applies to the conduct of a public or private arbitrator, "the courts look at 'the nature of the duty performed [to determine] whether it is a judicial act")("[w]here immunity applies, it likewise shields the sponsoring organization, such as AAA here, from liability arising out of the quasi-judicial misconduct alleged").

Here, the doctrine covers all claims against defendants Carbone, Woolard, Giorgi, and ADR. The gravamen of plaintiff's amended complaint is: that the arbitrators in

1  underlying arbitrations (including Carbone) refused to take into account certain "facts," and
2  issued decisions in contravention of plaintiff's evidence; that Carbone's rulings were
3  unjustified, and premised on and procured by fraud; and that Judges Woolard and Giorgi
4  wrongfully sent plaintiff's clients to arbitration, and wrongfully decided the motions to
5  confirm the arbitration award, as well as the motions for reconsideration in connection with
6  those decisions.  See, e.g., Reply Br. at 4:12-5:2.  Thus, the gravamen of plaintiff's
7  complaint derives from acts and conduct undertaken by Carbone, Woolard and Giorgi in
8  the scope of their roles as arbitrator and neutral judicial decision-makers.  This is precisely
9  the type of conduct to which judicial immunity applies.  While plaintiff argues in a
10 conclusory fashion that these defendants' actions fall outside the scope of their roles as
11 neutral decision-makers because such actions were conducted in furtherance of a criminal
12 racketeering scheme, the actual facts alleged suggest only that the decision makers acted
13 within the scope of their jurisdiction and authority and that plaintiff was displeased with the
14 outcome.  Accordingly, defendants Carbone, Woolard, and Giorgi are all entitled to judicial
15 immunity.  By virtue of its role as the sponsoring arbitral association, judicial immunity is
16 extended to defendant ADR, as well.

17        Finally, defendants also correctly note that it is beyond question that San Francisco
18 Superior Court is an arm of the state.  See Greater Los Angeles Council on Deafness, Inc.
19 v. Zolin, 812 F.2d 1103, 1110 (9th Cir.1987) (holding that "a suit against the Superior Court
20 [of California] is a suit against the State, barred by the Eleventh Amendment").  As such,
21 the Eleventh Amendment precludes plaintiff's claims against it.

22        In sum, and for all the foregoing reasons, the court GRANTS defendants' motions to
23 dismiss plaintiff's amended complaint.  Because amendment would be futile by virtue of the
24 judicial and Eleventh Amendment immunities applicable to defendants, the dismissal is with
25 prejudice.

26        Additionally, as noted on the record, the California State Bar and the Commission on
27 Judicial Performance, are dismissed for plaintiff's failure to serve them during the ten
28

4

months following the filing of his original complaint.  Although a dismissal under Fed. R. Civ. P. 4(m) is without prejudice, it is apparent that these two defendants would be entitled to the same Eleventh Amendment immunity that applies to the superior court.

Lastly, the multiple additional filings by plaintiff, including a motion to amend/correct the complaint to conform to proof and requests for judicial notice, are DENIED because they are both substantively deficient and moot in light of this order of dismissal.  The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: February 13, 2012

PHYLLIS J. HAMILTON
United States District Judge

5